**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4309

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WENDELL WILKINS,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  David C. Norton, District Judge.  (2:18-cr-01017-DCN-1)

Submitted:  December 29, 2022                    Decided:  June 12, 2023

Before GREGORY, Chief Judge, WYNN, Circuit Judge, and MOTZ, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Cameron J. Blazer, BLAZER LAW FIRM, Mount Pleasant, South Carolina, for Appellant.  Michael Rhett DeHart, Acting United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wendell Wilkins pled guilty, pursuant to a verbal plea agreement, to money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), (h), and the district court sentenced him to 66 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether Wilkins' guilty plea is valid and whether his sentence is reasonable. Although notified of his right to do so, Wilkins has not filed a pro se supplemental brief. We affirm.

Before accepting a guilty plea, the district court must conduct a plea colloquy during which it must inform the defendant of, and determine that the defendant understands, the rights he is relinquishing by pleading guilty, the charges to which he is pleading, and the maximum and mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1). The court also must ensure that the plea was voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and that a factual basis supports the plea, Fed. R. Crim. P. 11(b)(3).

Because Wilkins did not seek to withdraw his guilty plea, we review the adequacy of the Rule 11 hearing for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). "Under the plain error standard, [we] will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted). "In the Rule 11 context, this inquiry means that [the defendant] must demonstrate

2

a reasonable probability that, but for the error, he would not have pleaded guilty." *United States v. Sanya*, 774 F.3d 812, 816 (4th Cir. 2014) (internal quotation marks omitted). Here, the record reveals that the district court substantially complied with the Rule 11 requirements, and any omissions did not affect Wilkins' substantial rights. Further, we conclude that Wilkins entered his plea knowingly and voluntarily and that a factual basis supported the plea. Accordingly, we conclude that Wilkins' guilty plea is valid.

With respect to Wilkins' sentence, "[w]e review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard. . . ." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020). We must first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the [Sentencing] Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence." *Id.* (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). If "the district court has not committed procedural error," we then assess the substantive reasonableness of the sentence. *Id.* Substantive reasonableness review "takes into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* (internal quotation marks omitted). "Any sentence that is within . . . a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (internal citation omitted).

Having reviewed the record, we conclude that the district court did not abuse its discretion. The district court properly weighed the § 3553(a) factors—particularly, Wilkins' criminal history and the seriousness of Wilkins' current offense—and indicated that it had considered Wilkins' health concerns and his mitigation arguments. We further conclude that Wilkins fails to rebut the presumption of reasonableness that we afford his within-Guidelines sentence. Thus, Wilkins' sentence is procedurally and substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Wilkins, in writing, of the right to petition the Supreme Court of the United States for further review. If Wilkins requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wilkins.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*